**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHAWN SKYLES**                                                                 **PLAINTIFF**

**v.**                                                                 **No. 4:06CV62-M-A**

**CAPTAIN P. FOSTER, ET AL.**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Shawn Skyles, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit – although he has since been released and has not contacted the court since September 21, 2006. The defendants have filed a motion for summary judgment, as well as a motion to dismiss for failure to prosecute. For the reasons set forth below the defendants' motions shall be granted, and the instant case shall be dismissed for failure to state a claim upon which relief could be granted, and, in the alternative, for failure to prosecute.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert.*

*denied*, 484 U.S. 1066 (1988)).  After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).  Substantive law determines what is material.  *Anderson*, 477 U.S. at 249.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*, at 248.  If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented.  *Celotex*, 477 U.S. at 327.  "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).  The facts are reviewed drawing all reasonable inferences in favor of the non-moving party.  *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995).  However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998).  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts."  *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**[1]

Dr. Lehman is the Medical Director at the Mississippi State Penitentiary (MSP) at Parchman. (Ex. 2 at ¶ 1).

The plaintiff was incarcerated at MSP in August, 2000. (Ex. 2 at ¶7). He was released from custody on September 17, 2006. (Document # 18).

The plaintiff had a significant mental health history when he arrived at MSP for incarceration. (Ex. 2 at ¶7). On August 16, 2000, the plaintiff attempted suicide. (Ex. at ¶ 8). He was hospitalized at MSP in September and October, 2002 for Bipolar Disorder with Acute Psychosis, acute psychosis, auditory hallucinations and paranoia. (Ex. 2 at ¶ 10).

In November, 2002, he was transferred to the East Mississippi Correctional Facility, where he remained until June 8, 2005, when he returned to MSP. (Ex. 2 at ¶¶ 11-12).

In July and August, 2005, the plaintiff:

- tried to hang himself,
- started a fire in his cell,
- refused to comply with orders by security guards,
- attempted to destroy state property,
- cut his left arm and was treated by Dr. Kim,
- threw blood on a security guard,
- deliberately wounded his forehead and was treated by LPN Williams ,
- swallowed a razor blade,

---

[1]The court has taken the undisputed material facts from the defendants' motion for summary judgment. The plaintiff has not responded to the motion; as such, the facts are not in dispute.

- ▸ flooded his cell, and

- ▸ refused to allow security guards to search his cell.

(Ex. 2 at ¶13).

For September, 2005, the medical records set forth incidents involving smoke inhalation, spitting on a guard and other disruptive behavior by the plaintiff, but the dates in the medical records differ somewhat from the plaintiff's version[2] and the medical records show that the plaintiff was treated each time.

- ▸ On September 13, 2005, the plaintiff started a fire in his cell and was treated for smoke inhalation by RN Rice. (Ex. 2 at ¶15).

- ▸ On September 19, 2005, the plaintiff was sprayed with a chemical agent after he threw two food trays at security offers and refused to comply with orders and directions, and Dr. Kim examined and treated the plaintiff for his exposure to the agent. (Ex. 2 at ¶16).

- ▸ On September 20, 2005, RN Rice treated the plaintiff for a small wound to his left arm which the plaintiff claims was caused by security officers. (Ex. 2 at ¶ 17).

- ▸ On September 21, 2005, Dr. Lehman examined the plaintiff's complaint about head pain at 1:40 p.m. Two hours later, the plaintiff was brought to the medical department after he spit on two security guards. The plaintiff became threatening and abusive. Dr. Lehman examined the plaintiff and found him to be in no acute distress and needing no further treatment – so Dr. Lehman had the plaintiff removed from the clinic so he could not harm or endanger the medical staff. (Ex. 2 at ¶18).

### Discussion

The plaintiff was treated by RN Rice for smoke inhalation on September 13, 2005. He was treated by Dr. Kim for exposure to chemical agent on September 19, 2005, after he refused to obey security personnel and threw food trays at them. He was treated by RN Rice on September 20, 2005, for a small wound the plaintiff claims security personnel caused. He was

---

[2]During the *Spears* hearing, the court noted differences between the plaintiff's version and the medical records. (Ex. 3 at 8).

also treated on September 21, 2005, by Dr. Lehman – after the plaintiff spit on a security guard.

There is no evidence that the plaintiff was denied treatment in September, 2005. There is no evidence of record that Dr. Lehman knew the plaintiff needed treatment – and knew he would suffer substantial harm if he was not treated – and yet refused to treat him or interfered with treatment from other medical providers. *Ponthieux v. Bearry*, 2007 U.S. Dist. LEXIS 14135, at *8-*9. As such, the court shall grant the defendants' motion for summary judgment and dismiss all of the plaintiff's allegations for failure to state a claim upon which relief could be granted. In the alternative, the court also grants the defendants' motion to dismiss for failure to prosecute based upon the plaintiff's lack of contact with the court or the defendants since his release from incarceration. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 31st day of July, 2007.


**/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**